**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 12, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00617-CV

---

### IN RE FIDELIS JOHNSON BADAIKI, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1092824**

---

## MEMORANDUM OPINION

On August 9, 2019, relator Fidelis Johnson Badaiki filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (Supp.); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Lesley Briones, presiding judge of the County Civil Court at Law No. 4 of Harris County, to, among other things, recuse herself or rule on various motions that are allegedly pending. A jury trial is scheduled for August 12, 2019 at 1:00 p.m.

Relator also has filed a motion for temporary relief, asking this court to stay all proceeding in the trial court, pending a decision on relator's petition. See Tex. R. App. P. 52.10.

With certain exceptions not applicable in this proceeding, to obtain mandamus relief, a relator must show both that the trial court clearly abused its discretion and that the relator has no adequate remedy at law, such as an appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Texas Rule of Appellate Procedure 52.7(a)(2) requires relator to file with its petition "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." *See* Tex. R. App. P. 52.7.

Relator has not established or provided a record showing he is entitled to mandamus relief. We therefore deny relator's petition for writ of mandamus and motion for temporary relief.

PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Zimmerer.